**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**56 ASSOC. and 57 ASSOC.**
**Appellants**

**vs.**

**JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG**
**Appellee**

**C.A. 1:07-CV-00315-L**

**ON APPEAL** From The United States Bankruptcy Court For The District of Rhode Island

# BRIEF OF APPELLANTS

Richard A. Licht (# 0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1225; Fax: (401) 456-1210
rlicht@tllaw.com

William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
Tel: (401) 272-5520; Fax: (401) 272-5501
wdelaney@rc-legal.com

# TABLE OF CONTENTS


| | Page |
|---|---|
| TABLE OF AUTHORITIES | i, ii |
| I. STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION | 1 |
| II. STATEMENT OF ISSUE | 1 |
| III. STATEMENT OF THE CASE | 1 |
| IV. SUMMARY OF ARGUMENT OF APPELLANTS | 2 |
| V. ARGUMENT OF APPELLANTS | 4 |
| VI. CONCLUSION | 5 |
| VII. RESERVATION OF RIGHT OF APPELLANTS TO FILE SUPPLEMENT TO BRIEF | 6 |
| VIII. CERTIFICATE OF COMPLIANCE WITH RULE 32(a) | 6 |


# TABLE OF AUTHORITIES

## FEDERAL AND STATE STATUTES, RULES AND REPORTS


| | |
|---|---|
| 28 U.S.C. § 157 | passim |
| 28 U.S.C. § 158(a)(i) | passim |
| 28 U.S.C. § 1334(a) | passim |
| 11 U.S.C. §363(h) | passim |
| Fed. Bankr. R. 8013 | passim |

**CASES**

In re Van Daam, 1992 WL 12014468 (D. R.I. 1992) 5

Frusher v. Baskin-Robins Ice Cream Company, 43 F. 3d
1456 (1st Cir. R.I. 1994) 5

**BOOKS, PAMPHLETS, TREATISES**

1 Collier on Bankruptcy, ¶5.11 (15th ed. rev. 2001) 5

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Appellants 56 Assoc., a Rhode Island limited liability partnership and 57 Assoc., a Rhode Island limited liability partnership, respectfully assert that within the relevant appeals period under the United States Bankruptcy Rules, they filed their appeal to the Order Denying Defendants' Objection to Trustee's Bill For Services of the United States Bankruptcy Court for The District of Rhode Island (the "Bankruptcy Court"), dated August 10, 2007 (the "Order") and elected to 'opt out' of appealing the Order to the United States Bankruptcy Appellate Panel for the First Circuit by filing their appeal before the United States District Court for the District of Rhode Island. Jurisdiction lies in United States Code, Titles 11, 28 U.S.C. §§ 157, 158(a)(i) and 1334(a).

## STATEMENT OF ISSUE

Did the Bankruptcy Court err in granting the relief as set forth in the Order?

## STATEMENT OF THE CASE

A. Nature of the Case

Appellants appeal the Order to this Court from the Bankruptcy Court's order to permit the sale by the Appellee of all of the interests to 165 Angell Street, Providence, Rhode Island (the "Property"), under 11 U.S.C. §363(h).

B. Statement of Facts

There was no Joint Pretrial Order between the parties filed with the Bankruptcy Court. Pursuant to an order of the Bankruptcy Court entered on June 29, 2007 (the “June Order”), the Appellee was to forward to the Appellant's counsel his bill for services rendered for purposes of payment or to file an objection and memorandum detailing why such fees and costs were unreasonable. On July 5, 2007, the Appellee wrote counsel to the Appellants, enclosing his bill

for services rendered pursuant to the said order (the "Correspondence"). The Correspondence included the Appellee's bill/invoice for services rendered (the "Invoice"). The Appellants reviewed the Invoice and pursuant to the June Order, they objected to the Invoice and filed their objection with the Bankruptcy Court on July 5, 2007 (the "Objection"). A hearing on the Objection and specifically, the Invoice, was scheduled for July 25, 2007 (the "Hearing").

At the Hearing, the Bankruptcy Court heard arguments by counsel to the parties on the Invoice; the Appellee furnished testimony by examination of counsel to the Appellants. The Appellee did not furnish a statement or an affidavit concerning the propriety of the Invoice according to the 'lodestar approach' which is normally required by the Bankruptcy Court on the issue of applications for fees. In addition, the Bankruptcy Court did not ask for a written position on the Invoice from the Office of the United States Trustee, which position is often requested by the Bankruptcy Court. Following testimony and final argument, the Bankruptcy Court approved the fees as set forth in the Invoice; the Bankruptcy Court entered the Order, which Order denied the Objection on August 10, 2007. On August 15, 2007, the Appellants filed their Notice of Appeal of the Order.

## **SUMMARY OF ARGUMENT OF THE APPELLANTS**

Unfortunately, the Appellant had to file this Appeal due to the timing of the entry of the June Order by the Bankruptcy Court, which required the Appellee to furnish the Appellants with the Invoice.

The Appellants objected to the Invoice because they believe (and still believe) that the costs and expenses incurred by the Appellee in the form of fees were unnecessary given the cooperation that the Appellants had provided to the Appellee in connection with the Appellee's

marketing of his undivided one-half interest in the Property. Subsequent to June 14, 2007, when the Bankruptcy Court authorized the Trustee to conduct a sale of the Property pursuant to 11 U.S.C. §363(h) to sell all of the interests in the Property, the Bankruptcy Court found that the Appellants had intentionally interfered with and hindered the Appellee in his efforts to adequately market the Property. The Appellants respectfully submit that that is not and has never been the case.

The Appellants have held their undivided one-half interest in the Property along with the debtor for some twenty (20) years. During that period, the Appellants managed the Property, negotiated leases with the tenants thereon, collected rents, made renovations to the Property and otherwise acted as the manager of an ever-appreciating asset. Had the Appellants not been concerned about their responsibilities to manage the Property for this extended period of time, the Appellee would not have this valuable asset of the debtor's estate to administer.

It is rather unfortunate that the lengths by which reasonable men cannot work out their differences short of litigation. The parties should have reached an accommodation/settlement of this particular issue well before any substantive work in preparing pleadings in this matter should have begun. But they did not; and typical of the debtor's case, the necessity of the filing of this Brief.

Finally, the Appellants wish to incorporate by reference their arguments set forth in their companion brief, 07-260L (the "Companion Brief") on the ground that the June Order was issued without permitting the Appellants to complete their arguments before the Bankruptcy Court. Therefore, application of Bankruptcy Rule 8013 to the findings of the Bankruptcy Court in the Order are at question given the lack of finality at the June Hearing. It follows that if the relief

requested by the Appellants is granted by this Court in the companion case, 07-260L, then the Order should be reversed/vacated for the same reasoning.

**ARGUMENT OF APPELLANTS**

*Bankruptcy Rule 8013 is dispositive concerning the issues raised on the Bankruptcy Court's decision to award attorneys' fees.*

Bankruptcy Rule 8013 states in pertinent part:

> "On an appeal the district court or bankruptcy appellant panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree over man with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

Based upon a literal reading of Bankruptcy Rule 8013, the findings of the Bankruptcy Court in the Order should be set aside because the Appellants were not permitted to conclude their testimonial evidence at the hearing which led to the entry of the June Order (the "June Hearing").

Again, the Appellants incorporate by reference their arguments in the Companion Brief concerning the 'clearly erroneous' standard of Bankruptcy Rule 8013. The Bankruptcy Court scheduled and began the June Hearing; the parties ordered by the Bankruptcy Court to appear at the continuance of the Hearing later in that day were present as were counsel. During the examination of Joseph R. Paolino, Sr. ("Paolino"), the Bankruptcy Court terminated the Hearing partially through his testimony and ordered the Appellants to cause to immediately turn over the keys to the Property in the possession, custody and control of the Appellants in order to permit the Appellee to market the Property.

It was improper for the Bankruptcy Court to terminate the Hearing while the Appellants were putting on their case. The Bankruptcy Court should have allowed Paolino to conclude his testimony and permit final argument by each of the counsel relative to the relief sought by the Appellee and the objection thereto by the Appellants. This was not done; the Appellants submit they were deprived of their rights to present testimony supporting their objection to the relief requested by the Appellee. If this Court deems the findings set forth in the June Order are 'clearly erroneous' and incapable of standing muster under Bankruptcy Rule 8013, the June Order, and the Order, each must be stricken; to hold otherwise would wreck havoc upon the bankruptcy system as we know it. Therefore, the Appellants urge this Court to reverse the Order. See, 1 Collier on Bankruptcy, ¶5.11 (15th ed. rev. 2001); In re Van Daam, 1992 WL 12014468 (D. R.I. 1992); Frusher v. Baskin-Robins Ice Cream Company, 43 F. 3d 1456 (1st Cir. R.I. 1994).

The Appellants respectfully submit that if this Court agrees with the arguments set forth in the Companion Brief, then it follows that the Order must be reversed because its underpinnings have now been deemed inconsistent. Specifically, if the findings in the June Order are now deemed to have been erroneously incorporated in the said order compelling the Appellants to pay the amount of the Invoice to the Appellee, then the Invoice should not be paid as per the Order.

## CONCLUSION

For the reasons set forth above, the Appellants respectfully request that the Order be reversed.

## RESERVATION OF RIGHT OF THE APPELLANTS TO FILE SUPPLEMENT TO BRIEF

The Appellants reserve the right to supplement their brief should events so warrant.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

*Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style requirements*

1. This brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because this brief uses a monospaced typeface and contains 290 number lines of text.

2. This brief complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a monospaced typeface using the WordPerfect 9.0 program with 12 characters per inch in Times Roman type style.

APPELLANTS
By their Attorneys,

/s/ Richard A. Licht
Richard A. Licht (#0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
(401) 456-1200; (401) 456-1210 (FAX)
rlicht@tllaw.com
Dated: November 2, 2007

/s/ William J. Delaney
William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
(401) 272-5520; (401) 272-5501 (FAX)
wdelaney@rc-legal.com
Dated: November 2, 2007

CERTIFICATION

I hereby certify that on this 2nd day of November, 2007, a true and accurate copy of the within Brief was filed electronically with this Court and to the following using the CM/ECF System: Joseph M. DiOrio, Esq. and Gardner J. Palmer, Jr., Esq.

/s/ William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;454100;1