**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**56 ASSOC. and 57 ASSOC.**
**Appellants**

**vs.**

**JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG**
**Appellee**

**C.A. 1:07-CV-00315-L**

**ON APPEAL** from the United States Bankruptcy Court for the District of Rhode Island

# BRIEF OF APPELLEE

Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903
401 632-0911
401 632-0751 Fax
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

# TABLE OF CONTENTS


**I. Statement of the Issues and Standard of Review** .......... 1

**II. Statement of the Case** .......... 1

A. Nature of the Case, Course of Proceedings and Disposition Below .......... 1

B. Statement of Facts .......... 1

**III. Argument of Appellee** .......... 2

A. The Bankruptcy Court's award of attorney's fees was proper .......... 2

B. The Bankruptcy Court's award of Attorney's fees was within the Court's discretion because the Court correctly concluded that Appellants hindered, delayed, and obstructed Appellee in his attempts to market the Property .......... 3

**IV. Conclusion** .......... 4


# APPENDIX


Exhibits introduced at June 27, 2007 Hearing at US. Bankruptcy Court before Judge Votolato regarding "Motion to Compel Access" .......... A-01

Motion to Compel Access dated May 23, 2007 .......... A-06

Objection and Memorandum to Compel Defendants to Arrange for Full Access to the Property dated June 5, 2007 .......... A-13

Trustee's Reply to Defendants' Objection to Motion to Compel Defendants to Arrange for Full Access to Property dated June 6, 2007 .......... A-16

Judge Votolato's Order dated June 27, 2007 .......... A-18

Judge Votolato's Order dated June 29, 2007 .......... A-19

Trustee's Letter to William Delaney dated July 5, 2007 enclosing bill for services rendered in connection with Motion to Compel Access .......... A-21

Objection to Trustee's Bill for Services Rendered and Memorandum in Support therein dated July 5, 2007 .......... A-25

Order Denying Defendants' Objection to Trustee's Bill for Services .......... A-28


# TABLE OF AUTHORITIES

## CASES


*Anderson v. Beatrice Foods Co.*, 900 F.2d 388 (1st Cir. 1990) .......... 3

*Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000) .......... 3

*In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833 (3rd Cir. 1994) .......................... 2

*In re I Don't Trust*, 143 F.3d (1st Cir. 1998)................................................................... 3

*Karsch v. LaBarge (In re Clark)*, 223 F.3d 859 (8th Cir. 2000) .................................... 3

**FEDERAL STATUTES, RULES AND REPORTS**

11 U.S.C. §363(h) ........................................................................................... 1
11 U.S.C. §330 ........................................................................................... 2,3
Bankr. R. 105(a) ........................................................................................... 3

**PROCEDURES**

Fed. R. Bank. P. 9011(c) ........................................................................................... 5

## I. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Whether the Bankruptcy Court erred in awarding Appellee his attorney's fees.

The standard of review applied to the factual findings of a Bankruptcy Court is clear error. Legal conclusions of a Bankruptcy Court are reviewed *de novo*.

## II. STATEMENT OF THE CASE

### A. Nature of the Case, Course of Proceedings and Disposition Below

The proceeding below was a hearing before the Honorable Arthur N. Votolato on Appellee's Motion to Compel Defendants to Arrange for Full Access to the Property (the "Motion") brought by Appellee, Joseph M. DiOrio, the Chapter 7 Trustee of Arnold Kilberg, against Appellants, 56 Assoc. and 57 Assoc. Appellants and Appellee are the co-owners of property located at 165 Angell Street, Providence, Rhode Island (the "Property"). Appellee filed a complaint on February 29, 2005 against Appellants seeking to sell Appellee's and Appellants' interests in the Property under 11 U.S.C. §363(h). Appellee filed the Motion on May 23, 2007. The Bankruptcy Court entered an Order on June 27, 2007 ordering Appellants to deliver to Appellee copies of keys to all tenants' premises to facilitate inspection of the Property by prospective purchasers. The Bankruptcy Court issued a further Order on June 29, 2007 awarding Appellee his fees and costs because Appellants' intentional interference with and hindrance of Appellee in his efforts to market the Property necessitated the Motion.

Appellants filed on Objection to the award of attorney's fees on July 5, 2007. A hearing was held July 25, 2007. The Bankruptcy Court overruled Appellants' objection.

### B. Statement of Facts

On May 23, 2007, Appellee filed the Motion. *App. 6-12.* On June 5, 2007 the Appellant's filed an objection to the Motion and the Appellee responded on June 6, 2007. *App.*

*13-17*. A hearing was held June 27, 2007. At the hearing, the Bankruptcy Court ordered Appellants to turn over the keys to the Property to Appellee. *App. 18*.

Following the hearing, the Bankruptcy Court issued an order dated June 29, 2007 (the "Order") awarding the Trustee his fees and costs in connection with the Motion, requiring the Trustee to submit a bill for his fees and costs to Appellants and further ordering Appellants to either pay them or file an objection with the court. *App. 19-20*. The Bankruptcy Court based the Order on the following findings:

1. Appellee clearly established that Appellants "intentionally interfered with and hindered the Trustee in his efforts to adequately market the property." *App. 19*.

2. Appellee had "no alternative but to file and prosecute the [Motion] to gain access to the premises." *App. 20.*

3. "[T]he estate should not have to bear the cost of this frivolous and unnecessary litigation." *App. 19.*

## III. ARGUMENT OF APPELLEE

### A. The Bankruptcy Court's award of attorney's fees was proper.

In their Statement of the Case, Appellants take issue with the Bankruptcy Court not requiring Appellee to furnish a statement or affidavit concerning the propriety of his fees or requesting a written position from the Office of the United States Trustee concerning the fees. Under 11 U.S.C. §330, the Bankruptcy Court is not required to either demand that Appellee furnish a statement or affidavit, or request a written position from the Office of the United States Trustee.

The Code does require that a hearing on attorney's fees be held. *11 U.S.C. §330*. The Bankruptcy Court has broad discretion in determining what kind of hearing may be appropriate under the circumstances. *In re Busy Beaver Building Centers, Inc.*, 19 F.3d 833, 846, n.16 (3rd

Cir. 1994). The Bankruptcy Court "enjoys particularly great leeway" in its factual findings regarding attorney's fees. *In re I Don't Trust*, 143 F.3d 1, 3 (1st Cir. 1998).

Here, the Bankruptcy Court held a hearing, the Trustee testified at the hearing and Appellants examined him on the fee issue. The Bankruptcy Court satisfied the procedural requirements of 11 U.S.C. §330. Therefore, the award was proper.

**B. The Bankruptcy Court's award of attorney's fees was within the Court's discretion because the Court correctly concluded that Appellants hindered, delayed, and obstructed Appellee in his attempts to market the Property.**

Appellee incorporates by reference all of the arguments in his brief filed in C.A. 1:07-CV-000260-L (the Motion to Compel Access appeal) regarding the propriety and correctness of the Court's June 27, 2007 Order, and the findings contained in the Court's June 29th Order regarding Appellants' obstructionist conduct. Since the Bankruptcy Court was correct in its findings of interference, hindrance and obstruction, the Court was well within its power to order Appellants to pay Appellee's attorney's fees.

The Bankruptcy Court has the authority, under Bankruptcy Rule 105(a), to impose sanctions on a party to deter inappropriate conduct, such as harassment, causing unnecessary delay or needlessly increasing the cost of litigation. The Court may impose sanctions on its own initiative or upon request of a party. *Bankr. R. 105(a)*; *see Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 445 (1st Cir. 2000) (§105 provides bankruptcy court with statutory contempt powers in addition to whatever inherent contempt powers the court may have); *Karsch v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000) (§105(a) includes the power to sanction).

The trial judge is in the best position to decide what sanctions would be most effective for a particular party, as long as sanctions are appropriate. *Anderson v. Beatrice Foods Co.*, 900 F.2d

388, 395 (1st Cir. 1990). When imposing sanctions, the trial court should consider the purpose to be achieved and craft a sanction appropriate to serve that purpose. *Id.*

The Bankruptcy Court outlined Appellants' behavior that warranted sanctions in its June 29, 2007 Order. The Court found that Appellee had clearly established that Appellants "intentionally interfered with and hindered the Trustee in his efforts to adequately market the property" and that Appellee had "no alternative but to file and prosecute" the Motion. *App. _19-20.* The Court concluded that "the estate should not have to bear the cost of this frivolous and unnecessary litigation" and awarded Appellee his costs and. *App. 19.*

Appellants have not pointed to any evidence from the record undermining the Bankruptcy Court's finding that Appellants "intentionally interfered with and hindered the Trustee in his efforts to adequately market the property." *App. 19.* On the state of the record, the Bankruptcy Court was justified in finding that Appellants' failure to cooperate despite Appellee's repeated requests was intentional conduct that interfered with, hindered and obstructed the Trustee as he attempted to show the Property to a prospective purchaser, and that this conduct warranted sanctions.

## IV. <u>CONCLUSION</u>

The Bankruptcy Court's July 29, 2007 Order awarding Appellee attorney's fees should be upheld because the Bankruptcy Court acted within its power when it imposed the sanctions. Further, the Bankruptcy Court was in the best position to determine that sanctions were warranted, and what sanctions would be most effective

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

Respectfully submitted:

Joseph M. DiOrio,
Trustee of Arnold Kilberg
By his Attorneys,

/s/ Gardner H. Palmer, Jr.
Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
401 632-0911 / Fax: 401 632-0751
jmdiorio@diorіolaw.com
ghpalmer@dioriolaw.com

Date: November 19, 2007

**CERTIFICATION**

I hereby certify that I electronically served a copy of the within Brief of Appellee on the following counsel and/or parties using the CM/ECF system on the 19th day of November, 2007.

William J. Delaney, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903
wdelaney@rc-legal.com

Richard A. Licht, Esq.
Tillinghast Licht, LLP
10 Weybosset Street
Providence, RI 02903
rlicht@tllaw.com